UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

SAFRA SECURITIES LLC and
SAFRA NATIONAL BANK OF NEW YORK           ECF CASE

                Plaintiffs,           Index No. 18-cv-4806

    -against-                               **COMPLAINT**

DANIELA SPINOLA GONZALEZ

                Defendant.
_____X

Plaintiffs, Safra Securities LLC ("SSL") and Safra National Bank of New York ("SNB") by their attorneys, The Barry Fischer Law Firm LLC, as and for a Complaint against Defendant Daniela Spinola Gonzalez ("Gonzalez"), allege as follows:

## NATURE OF ACTION and STATEMENT OF FACTS

1. This is an action pursuant to the Federal Arbitration Act to enjoin an arbitration, in its early stages, which is pending before the Financial Industry Regulatory Authority ("FINRA"). The arbitration was brought by defendant Gonzalez against plaintiff SSL alleging that SSL's failure to supervise an employee of SNB led to defendant Spinola losing an amount in excess of $350,000.

2. Plaintiff SSL is headquartered in New York, NY, is a member of FINRA and is registered with the Securities Exchange Commission as a Broker-Dealer.

3. Plaintiff SNB is a national bank, also headquartered in New York, NY, is not a member of FINRA and is regulated by the Office of the Comptroller of the Currency. SNB is the parent corporation of SSL.

4. Defendant Gonzalez previously maintained a custody bank account at SNB. Her banker was SNB employee Valarie Trauer. She alleges in the pending arbitration that the improper actions of Ms. Trauer, resulting in her loss, occurred with this bank account.

5. Defendant Gonzalez was never a customer of SSL, never had an account with and never traded with or through SSL and never had any form of business relationship with SSL.

6. On or about November 30, 2017, Gonzalez commenced an arbitration solely against SSL before FINRA and based its claim of FINRA jurisdiction solely on the fact that her banker, Ms. Trauer, also happened to be a licensed person associated with SSL and thus, Gonzalez claimed that this fact alone made her a "customer" of SSL, and therefore SSL was answerable in a FINRA arbitration for the actions of SNB.

7. On January 19, 2018, SSL filed a Preliminary Answer with FINRA in the arbitration, purely for the reason of contesting FINRA's jurisdiction to arbitrate Gonzalez's customer claim since she had never been a customer or had any relationship with SSL.

8. Also on January 19, 2018, SSL filed a Motion to Dismiss with the FINRA Director of Dispute Resolution, seeking immediate dismissal of the arbitration in that Gonzalez was never a customer of SSL and therefore could not compel SSL to arbitrate the propriety of events occurring in Gonzalez's bank account at SNB.

9. On January 24, 2018 SSL filed with FINRA a sworn Declaration of one of the SSL directors attesting to the fact that Gonzalez had never had an account or other business dealings with SSL.

10. On February 12, 2018, having heard no response to the SSL Motion to Dismiss addressed to the Director, counsel for SSL wrote to the Senior FINRA Case Administrator asking when a decision could be expected, indicating that SSL might have to go to court to stop the arbitration if the Director did not.

11. The very next day, with apparently no thought or deliberation, the Senior Case Administrator summarily denied the Motion to Dismiss.

12. On March 7, 2018, with a FINRA deadline fast approaching, SSL filed a modified Submission Agreement with FINRA, protesting FINRA jurisdiction and reserving the right of SSL to contest jurisdiction in court should the arbitration result in an adverse award.

13. The next day, on March 8, 2018, the Senior Case Administrator rejected the modified Submission Agreement and insisted that SSL agree to submit the matter to FINRA without reservation, or it could subject itself to FINRA regulatory sanctions if it failed to do so.

14. Thereafter, on March 29, 2018, SSL, having received permission from the panel of arbitrators, filed an Amended Answer to the Gonzalez claim, in which SSL continued to contest FINRA jurisdiction on the same grounds. SSL also filed a standard FINRA Submission Agreement, strictly as a result of the threats and blatant coercion of the FINRA case administrator.

15. During a telephonic initial pre-hearing conference of April 10, 2018, SSL indicated that it would move the panel of arbitrators to dismiss the arbitration on jurisdictional grounds and a briefing schedule was set for such a motion. On May 1, 2018, SSL filed its Motion to Dismiss on the grounds that FINRA had no jurisdiction to hear a

customer dispute when the claimant had never been a customer of SSL. On May 25, 2018, Gonzalez responded to the motion. SSL's Reply in support of the motion is due on June 8, 2018 and oral argument by phone is set for June 28, 2018.

16. During the course of legal research in support of its motion, counsel for SSL reviewed a number of cases similar to the instant matter and as a result, concluded that the most prudent course for SSL is to ask this Court to enjoin the aforesaid arbitration and not to submit the issue of FINRA jurisdiction to the panel of arbitrators.

17. Accordingly, SSL has withdrawn its Motion to Dismiss, prior to the motion being submitted to the panel of arbitrators for consideration, and will rely on this Court as the proper venue in which to determine whether or not SSL is subject to FINRA arbitration under the circumstances set forth herein.

18. Gonzalez has affirmatively stated that the jurisdictional issue <u>must</u> be resolved by a court of competent jurisdiction and not by the arbitrators.

## PARTIES

19. Plaintiff SSL is headquartered in New York, NY, is a registered securities broker-dealer and is a member of FINRA.

20. Plaintiff SNB is headquartered in New York, NY, is a national bank, is not a member of FINRA, and is regulated by the Office of the Comptroller of the Currency.

21. Defendant Gonzalez is an individual who currently resides in Vinhedo, Brazil and is a Brazilian citizen.

## VENUE AND JURISDICTION

22. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the parties are from different states and defendant is an alien and the amount in controversy exceeds $75,000, exclusive of interest and costs.

23. This Court is a proper venue for this action pursuant to the Federal Arbitration Act, 9 U.S.C. §§1-4 ("FAA").

24. The events or omissions giving rise to SSL and SNB's claim occurred in substantial part in this district and defendant Gonzalez has alleged in the aforesaid arbitration that the conduct she alleges as wrongful occurred in New York with a foreign resident.

## FIRST CAUSE OF ACTION
### (Violation of FAA)

25. Plaintiffs SSL and SNB hereby repeat and re-allege the material alleged herein in paragraphs 1 though 24, as if the same were set forth here in full.

26. Gonzalez has not and cannot establish the existence of a non-coerced and valid contract or agreement to arbitrate between Gonzalez and SSL since Gonzalez was never a customer of SSL, no such contract could have ever existed.

27. FINRA's exercise of discretion, at the instigation of Gonzalez, to accept jurisdiction when the jurisdictional requirements of the FAA have not been met was and is contrary to its Arbitration Code and Customer Rules and is also a violation of the FAA which will directly benefit Gonzalez unless enjoined.

5

28. As a direct and proximate result of the conduct and omissions of FINRA at the instigation of Gonzalez described herein, plaintiffs SSL and SNB have suffered and will continue to suffer, substantial damages that cannot be reasonably calculated or quantified.

29. As a direct and proximate result, FINRA's wrongful conduct, at the instigation of Gonzalez, and Gonzalez's own wrongful conduct will, unless enjoined by this Court, continue to cause irreparable injury to SSL and SNB, for which there is not an adequate remedy at law.

SECOND CAUSE OF ACTION
(Violation by Spinola of FINRA Rules)

30. Plaintiffs SSL and SNB hereby repeat and re-allege the material alleged herein in paragraphs 1 though 28, as if the same were set forth here in full.

31. FINRA'S Arbitration Code prescribes the requirements for "customer" eligibility to use its arbitration forum. Defendant Gonzalez has not met these requirements and has made misrepresentations of fact and law in order to improperly file and maintain a claim against SSL when she knew that she had never had any form of customer relationship with SSL and her misuse of the FINRA process was a flagrant form of forum shopping on Gonzalez's part.

32. As a result of this misuse of the FINRA arbitration forum, Gonzalez, unless enjoined by this Court, will continue to cause incalculable and irreparable injury to plaintiffs by the continued maintenance of the pending FINRA arbitration proceeding, for which there is no adequate remedy at law.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment and relief against defendant Gonzalez as follows: For a preliminary injunction and/or permanent injunction staying the pending FINRA Arbitration No. 17-0318, based on lack of FINRA jurisdiction, including the stay of all pending discovery matters and other deadlines established in the Initial Pre-Hearing Conference; together with such other affirmative and equitable relief as to the Court seems just and proper.

Dated:  June 1, 2018

                                                  Respectfully,
                                                  The Barry Fischer Law Firm LLC

                                                  By: /s/ *Barry Fischer*

                                                  555 Fifth Avenue – 17th Fl.
                                                  New York, NY 10017
                                                  (212) 840-9300
                                                  bfischer@bflf-us.com
                                                  Attorneys for Plaintiffs